IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 25 SEIU WELFARE FUND and<br>LOCAL 25 SEIU & PARTICIPATING<br>EMPLOYERS PENSION TRUST,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOTAL FACILITY MAINTENANCE, INC.,<br><br>    Defendant. | Case No. 07 C 6841<br><br>Judge Ronald A. Guzman |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant TOTAL FACILITY MAINTENANCE, INC. ("Total"), by its attorneys, in answer to Plaintiffs' LOCAL 25 SEIU WELFARE FUND and LOCAL 25 SEIU & PARTICIPATING EMPLOYERS PENSION TRUST (collectively, "Plaintiffs") Complaint, states as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions to which no response is required. Without waiving said objection, and to the extent a response is required, Total admits only that Plaintiffs allege that this matter is brought under ERISA. Total is without sufficient information to either admit or deny the remaining allegations of this Paragraph and therefore denies same.

2. Jurisdiction in this Court is based on Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the

breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions to which no response is required. Without waiving said objection, and to the extent a response is required, Total admits that the cited statute states what is alleged. Total also admits that it is located in this District. Total denies the remaining allegations of this Paragraph.

3. The LOCAL 25 S.E.I.U. WELFARE FUND and LOCAL 25 S.E.I.U & PARTICIPATING EMPLOYERS PENSION TRUST ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Local Union No. 25 ("Union"), including Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Without waiving said objection, and to the extent a response is required, Total is without sufficient information to either admit or deny the allegations in this Paragraph and therefore denies same.

4. The Fund offices are located at 111 East Wacker, 25th Floor, Chicago, Illinois 60601, and the Funds are administered in the Northern District of Illinois.

**ANSWER:** Total is without sufficient information to either admit or deny the allegations in this Paragraph and therefore denies same.

5. As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the

then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Without waiving said objection, and to the extent a response is required, Total is without sufficient information to either admit or deny the allegations in this Paragraph and therefore denies same.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 615 Wheat, Suite C, P.O. Box 726, Wood Dale, IL 60191.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions to which no response is required. Without waiving said objection, and to the extent a response is required, Total admits that it is an employer and that its principal place of business is 615 Wheat Lane, Wood Dale, Illinois 60191. Total denies the remaining allegations of this Paragraph.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Without waiving said objection, and to the extent a response is required, Total admits that it employs or has employed some Union employees and that it has, in accordance with its obligations, contributed to the Fund. Total denies the remaining allegations of this Paragraph.

8. Plaintiffs are advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon on the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Without waiving said objections, Total denies the allegations of this Paragraph.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damages, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contribution thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Without waiving said objections, Total denies the allegations of this Paragraph.

10. Plaintiffs, in their behalf, and on the behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:** Total denies the allegations of this Paragraph.

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of his obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Total further objects and moves to strike as the Complaint seeks monetary damages, thus demonstrating that an adequate remedy at law exists, in contradiction to this Paragraph. Without waiving said objection, and to the extent a response is required, Total denies the allegations of this Paragraph.

12. Defendant is delinquent to the Funds for the period January and February 2007, in the amount of $34,456.44.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Without waiving said objections, Total denies the allegations of this Paragraph.

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(g)(2),(a)(3) and 515 of the Employee Income Security Act of 1947 ("ERISA"), 29 U.S.C., Sec. 1132(g)(2), (a)(3), and 1145.

**ANSWER:** Total objects and moves to strike to the extent this Paragraph calls for legal conclusions, and calls for the construction and interpretation of documents which speak for themselves, to which no response is required. Without waiving said objections, Total admits only

that Plaintiffs assert that they are bringing claims under the referenced statutes. Total denies the remaining allegations of this Paragraph.

WHEREFORE, Defendant TOTAL FACILITY MAINTENANCE, INC. ("Total"), by its undersigned counsel, respectfully requests this Court to dismiss Plaintiffs LOCAL 25 SEIU WELFARE FUND and LOCAL 25 SEIU & PARTICIPATING EMPLOYERS PENSION TRUST's (collectively, "Plaintiffs") Complaint, award Total its costs, and for such other relief which the Court deems just, or to which Total is otherwise entitled as a matter of law.

Respectfully submitted,

TOTAL FACILITY MAINTENANCE, INC.

By: _____
One of its Attorneys

BISCHOFF PARTNERS, LLC
217 North Jefferson, Suite 600
Chicago, Illinois 60661
(312) 466-9100